IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BLAIR THOMAS HEIN, #303806, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:22-CV-301-MHT-SMD ) |
| ALABAMA DEPT. OF CORRECTIONS, et al., | ) ) ) |
| Defendants. | ) ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Blair Thomas Hein filed this pro se 42 U.S.C. § 1983 action on or around May 10, 2022. *See* Doc. 1. On June 6, 2022, the Court issued an Order directing Plaintiff to immediately inform the Court of any change in his address. Doc. 3. The Court specifically cautioned Plaintiff that failure to provide a correct address to the Court within ten (10) days following any change of address would result in dismissal of this action. *Id.* at 3. On June 13, 2022, the Court issued another Order with the same directive and warning. Doc. 4. The docket reflects that Plaintiff received a copy of those Orders. Nonetheless, it appears that Plaintiff is no longer located at the last service address he provided to the Court.[1]

On July 27, 2022, the Court issued an Order, which the Clerk attempted to mail to Plaintiff. *See* Doc. 15. However, on August 16, 2022, the United States Postal Service

---

[1] The last service address on record for Plaintiff is Easterling Correctional Facility.

returned the document as undeliverable and with the following notation: "Return to sender, no mail receptacle, unable to forward." Accordingly, on August 23, 2022, the Court issued another Order directing Plaintiff to notify the Court of his current address or show cause why this case should not be dismissed for his failure to comply with Court orders. Doc. 16. The Court again cautioned Plaintiff that his failure to comply with the August 23 Order would result in a recommendation that this case be dismissed. *Id.* at 2. The deadline for Plaintiff to comply with or otherwise respond to that Order was September 6, 2022; however, to date, Plaintiff has done neither.[2]

Because of Plaintiff's failure to comply with Court orders, the undersigned concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. In this instance, where the Court has made multiple efforts to contact Plaintiff and his whereabouts remain unknown, the undersigned finds that sanctions lesser

---

[2] Indeed, on September 6, the United States Postal Service again returned Plaintiff's mail as undeliverable.

than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, based on the foregoing, the undersigned RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that by **September 27, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 13th day of September, 2022.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE